UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHARLES HARTTUNG,

Case No. DK 10-11530
Hon. Scott W. Dales
Chapter 7

        Debtor.

_____/

ZEELAND LUMBER & SUPPLY CO.,

Adversary Pro. No. 10-80801

        Plaintiff,

v.

CHARLES HARTTUNG,

        Defendant.

_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Plaintiff Zeeland Lumber & Supply Co. ("Zeeland Lumber") filed a complaint against Defendant-Debtor Charles Harttung ("Mr. Harttung"), seeking a judgment declaring that Mr. Harttung's debt to Zeeland Lumber (the "Debt") should be excepted from discharge under 11 U.S.C. § 523(a)(4) and the Michigan Building Contract Fund Act ("MBCFA"), M.C.L. § 570.151 *et seq.* After the close of discovery, and within the time prescribed in the court's Pretrial Order dated March 10, 2011, Zeeland Lumber filed a motion for summary judgment (the "Motion," DN 12). Mr. Harttung did not oppose the Motion.

The court has previously determined that it has jurisdiction under 28 U.S.C. § 1334, and that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (exceptions to discharge).

Having carefully reviewed the Motion, the court finds there are no genuine issues as to any material fact, and that Zeeland Lumber is entitled to judgment against Mr. Harttung in the amount of $30,651.68. Moreover, given the circumstances surrounding the debt as described and supported in the Motion, the court finds that the debt should be excepted from discharge under 11 U.S.C. § 523(a)(4).

The *prima facie* elements of a civil action brought pursuant to the Michigan Building Contract Fund Act are: (1) the defendant is a contractor . . . engaged in the building construction industry, (2) a person paid the contractor . . . for labor or materials provided on the construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. *DiPonio Construction Co. v. Rosati Masonry Co.*, 631 N.W.2d 59, 62 (Mich. Ct. App. 2001).

The unopposed Motion establishes that Mr. Harttung's closely held corporation, Hartt, Inc., contracted to build a cottage on Indian Lake Road, in Vicksburg, Michigan, referred to as the "O'Chap Project." As contractor, Hartt, Inc. contracted with Zeeland Lumber to provide materials on the O'Chap Project, but did not pay for the materials. The Affidavit of Daniel Van Iwaarden, dated March 28, 2011, establishes that Hartt, Inc. owes Zeeland Lumber $30,651.68. The Motion also establishes that, as owner of Hartt, Inc. and the person with authority for its management and funds, Mr. Harttung is a

"contractor" under the MBCFA. Hartt, Inc. received $197,300.00 on account of the O'Chap Project, and this sum constitutes the *res* of a statutory trust.

As the court observed in the Pretrial Order, "[o]fficers of a corporation may be held individually liable when they personally cause their corporation to act unlawfully." *People v. Brown*, 239 Mich. App. 735, 739-740, 610 N.W.2d 234 (2000); *Shamrock Floorcovering Services, Inc. v. Patel (In re Patel)*, 565 F.3d 963, 968-69 (6th Cir. 2009); *Trustees of the Mich. Reg'l Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370, 373 (E.D. Mich. 2005). Mr. Harttung became a statutory trustee or fiduciary with respect to that res, with duties to use the building contract fund only on the O'Chap Project, at least until all laborers and suppliers, including Zeeland Lumber, received their due.

Under Judge Spector's well-reasoned and oft-cited decision in *Cappella v. Little (In re Little)*, 163 B.R. 497, 500-01(Bankr. E.D. Mich. 1994), after a plaintiff establishes a statutory trust under the MBCFA by proving the defendant-contractor's receipt of a building contract fund, the defendant then bears the burden of accounting for the funds received, and establish that he did not use the funds for any purpose other than to first pay laborers, subcontractors, and material suppliers. Because Zeeland Lumber's Motion establishes that Mr. Harttung held a building contract fund, and because Mr. Harttung ignored the Motion (thereby forfeiting his opportunity to account for the *res*), the court will enter judgment against him in the amount of $30,651.68, and declare the debt excepted from discharge under 11 U.S.C. § 523(a)(4).

The court's ruling on the Motion renders moot Zeeland Lumber's motion to compel (DN 13), and the court will direct the Clerk to cancel the hearing set for May 10, 2011.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 12) is GRANTED.

IT IS FURTHER ORDERED that the hearing to consider the motion to compel, presently scheduled for May 10, 2011, in Kalamazoo, Michigan, is CANCELLED AS MOOT.

IT IS FURTHER ORDERED the Clerk shall enter judgment against Defendant Charles Harttung, and in favor of Plaintiff Zeeland Lumber & Supply Co. in the amount of $30,651.68, and that the debt represented by that judgment shall be excepted from discharge under 11 U.S.C. § 523(a)(4).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Daniel J. Slotsema, Esq., Charles Harttung, and R. Todd Redmond, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: April 22, 2011**